MARY SUE ALTMAIER, Plaintiff and Appellant, v. WILLIAM JOSEPH ALTMAIER, Defendant and Respondent.

No. 9802.

Submitted April 16, 1959. Decided June 18, 1959.

340 Pac. (2d) 829.

Jones, Olsen & Dowlin, Billings, for appellant.

Paul G. Olsen argued orally.

Berger, Stotesbury & Carstensen, Billings, for respondent.

R. J. Carstensen argued orally.

MR. JUSTICE CASTLES:

This is an appeal from an order refusing to modify a child custody provision of a divorce decree. The appellant is Mary Sue Altmaier, plaintiff in the action for divorce and natural mother of the children involved. Respondent is William Joseph Altmaier, defendant in the divorce action, father of the children. The judgment and decree of divorce was not appealed. The appeal here concerns only child custody.

The children are Mildred Ann, Mary Joan, and William John Altmaier. They were aged seven, five and four years respectively when the decree was entered on July 16, 1953. Their parents had then been separated for about one year. The district court awarded their custody to their paternal grandmother, Mildred E. Altmaier. Both parties to the divorce action agreed to this award. The grandmother's home and motherly care is the only home and only motherly care these children have ever known. While never parties of record, the grandmother and the children are the persons most put to a defense.

Mildred Ann, the oldest child, was left to be raised by her grandmother before she was a year old, except for a later period of four to five weeks while she was still an infant. Mary Joan and William John were brought to the grandmother's home directly from the hospital where each was born and have always lived there. Except for the biological facts of birth, the record reveals that the grandmother is the true practical mother of these children.

The three children are now thirteen, eleven and ten years of age, respectively. This appeal seeks to reverse the order of the district court refusing to remove them from their grandmother's custody. That her character is exceptional and that her care has been splendid is eloquent in the record. Her fitness is nowhere questioned.

There is no showing of change of condition. Nothing appears but the natural mother's alleged desire, now at this late

date to have the custody of the three children born to her, for whose welfare the record shows she has evidenced hardly more interest than would a stranger until she moved to obtain custody.

The district court ruled that the natural mother had not met the burden of establishing change of condition and her own fitness for custody. Appellant argues this is error and abuse of discretion in the district court. For authority, appellant's counsel relies on Ex parte Bourquin, 1930, 88 Mont. 118, 290 Pac. 250. During argument appellant's counsel cited Haynes v. Fillner, 1937, 106 Mont. 59, 75 Pac. (2d) 802, but no more recent decisions of this court. Neither counsel was familiar with Trudgen v. Trudgen, 134 Mont. 174, 329 Pac. (2d) 225; and Barbour v. Barbour, 134 Mont. 317, 330 Pac. (2d) 1093, the most recent pronouncements of this court in child custody appeals which completely control the present appeal.

To sustain the appellant and reverse the district court we would have to rule, in effect, that as of the present time and under the present circumstances, a natural mather who has not had custody of her children for over ten years and shown no more than casual interest in them, merits an award of their custody over a grandmother who has splendidly raised the children and has always had their custody, not only upon an award of the court but upon an open agreement of the parents of the children made at the time of the divorce decree. Such is the appellant natural mother's proposal.

Appellant's counsel contends for a presumption of fitness in a parent, but overlooks the fact that our law has no such presumption, except "other things being equal, if the child be of tender years." R.C.M. 1947, sec. 91-4515. These children are no longer of tender years and other things are unequal. Ex parte Bourquin, supra, on which appellant's brief relies, concerns a six year old girl. The award of custody to the mother and the court's refusal to continue custody in the grandmother worked to unite this little girl with her small brother to whom the mother had given excellent care. Here

the record shows that, except for the first eleven months after the oldest child was born, essentially appellant has never given even a nurse's care to any of the children. A "parent's right to the custody of his minor child is not an absolute right, even though it be conceded that [the parent] is a fit and proper person to have such custody." Haynes v. Fillner, supra, 106 Mont. at page 76, 75 Pac. (2d) at page 808. This is the case cited by appellant in argument.

"There must be a substantial change of circumstances * * * There is no fixed standard to determine * * * such a substantial change of circumstances. * * * the welfare and best interests of the child are the primary concern * * * substantiality of the change of circumstances is tested with respect to the child's welfare rather than the parents' welfare." See 17A Am. Jur., Divorce and Separation, sec. 839, p. 32. See also Haynes v. Fillner, supra.

Furthermore, the decree in Haynes v. Fillner was in part based on a showing that custody of the child involved had been surrendered to foster parents who were not even relatives, with the understanding that the minor was to be supported and cared for by the foster parents at their own expense.

The instant appeal is taken from a district court's order refusing to modify the custody provisions of a decree which allows the appellant "to aid in the support of said children to the extent of her ability to do so." Under this decree appellant certainly is as free of obligation to support her children as was the defendant in Haynes v. Fillner. The foster parents there and the grandmother here are on the same footing.

To repeat, there is no change of condition; these children are no longer of tender years and other things are not equal. As to the natural mother, in the thirty-nine months from the time of the decree until the hearing on her motion for an order to modify custody, she visited the children only thirteen times,

three occasions being after the children's bedtime. She was always received courteously.

Appellant did not know what school her oldest daughter first attended or how old she was when first enrolled. There is much more in the record.

As to the grandmother, we find such unimpeached testimony as this from a young woman who for a time lived in the grandmother's home: "The children consider * * * [their grandmother] as their mother; they don't know any other mother * * * at night she [the grandmother] spends one to two hours with them saying their prayers, reading them stories, taking their baths and getting them ready for bed * * * she is just wonderful to them." Even the children's father, now attempting to make some provision for the children, testified that his mother "takes care of the three children better than she took care of her own." And this is the son about whom the grandmother made an affidavit in support of her attempt to intervene on behalf of the children in the original divorce action that neither he, her own son, nor her daughter-in-law were proper persons to have the custody. There is no suggestion that this affidavit was prompted by spite or unaccompanied by chagrin and embarrassment that such public criticism had to be made by a woman of her own son.

This appellate record is extended with dilatory pleadings, maneuvers, countermaneuvers, irrelevancies and arguments which could conceal the only question with which we have any concern, namely, did the district court abuse its discretion. When the motion to modify finally came to hearing the district court took two separate days. In the presence of both counsel, he talked privately to the children. He was fully advised.

In addition, the testimony shows that appellant suffers from a chronic although non-contagious lung condition which required her undergoing surgery two months before the birth of the third child. During appellate argument we were in-

formed that appellant was just then in another hospital for further surgery. We sympathize with the natural mother, but our first concern is for these children.

The district judge ordered that the children remain with the only mother in the only home they have ever known. Under the circumstances of this case, that is no abuse of discretion. The judgment is affirmed.

MR. CHIEF JUSTICE HARRISON and MR. JUSTICES ANGSTMAN and ADAIR, concur.

MR. JUSTICE BOTTOMLY concurs in the result but not in all that is said in the majority opinion.